IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TERRY JAMES BUCHANON II, ) | |
| # 224845, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. |
| v. ) | 3:21-cv-737-CSC |
| ) | (WO) |
| ALABAMA BUREAU OF PARDONS ) | |
| AND PAROLES, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court[1] is Alabama prisoner Terry James Buchanon II's petition for writ of habeas corpus under 28 U.S.C. § 2254 by which Buchanon challenges the July 2018 decision of the Alabama Board of Pardons and Paroles ("Board") revoking his parole. (Doc. 1.) For the reasons discussed below, Buchanon's petition shall be dismissed as untimely under the federal statute of limitations, 28 U.S.C. § 2244(d)(1)(D).

### I.   BACKGROUND

**A.   Conviction, Sentence, and Parole**

In August 2002, Buchanon was convicted of robbery in the first degree in the Lee County Circuit Court. (Doc. 14-1 at 1.) He received a 21-year prison sentence, but was granted parole in March 2014. (*Id*.)

---

[1] The parties have consented to have the Magistrate Judge conduct all proceedings in this case, including the entry of final judgment and all post-judgment proceedings, in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Doc. 27.)

### B.  Parole Revocation

#### 1.  *Parole Violation and Revocation Proceedings*

In May 2017, Buchanon was arrested in Lee County on charges of theft of property in the second degree.[2] (Doc. 14-1 at 2.) As a consequence, Buchanon's parole officer filed a parole-violation report alleging that he violated the conditions of his parole by committing a new criminal offense. (*Id*. at 1–3.) A parole-revocation hearing was held on July 17, 2018. (Doc. 14-2 at 2–4.) At the hearing, Buchanon pled guilty to violating parole by committing a new offense. (*Id*. at 3.) Based on Buchanon's admission of guilt and allocution to the offense, the hearing officer found Buchanon guilty of violating the conditions of his parole and recommended that his parole be revoked. (*Id*. at 5.) On July 25, 2018, after considering the evidence presented at the revocation hearing and the findings and recommendation of the hearing officer, the Board revoked Buchanon's parole. (Doc. 14-4.)

#### 2.  *Petition for Common Law Writ of Certiorari*

On June 11, 2019, Buchanon, proceeding *pro se* at the time, filed a petition for a common law writ of certiorari in the Circuit Court of Montgomery County challenging the Board's July 25, 2018 decision revoking his parole.[3] (Doc. 14-3 at 6–7.) In his petition,

---

[2] Buchanon was later convicted of that offense. (Doc. 14-3 at 29.)

[3] The *pro se* petition for common law writ of certiorari was date-stamped as filed in the circuit court on July 29, 2019. (Doc. 14-3 at 1.) However, Buchanon averred that he signed the petition (presumptively for mailing from prison) on June 11, 2019. (*Id*. at 4.) Under the "prison mailbox rule," a *pro se* petition is deemed filed on the date it is delivered to prison officials for mailing. *See Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999). Although the Court is presented with no explanation for the 6-week discrepancy in the mailing and filing dates of Buchanon's petition, the prison mailbox rule applies for the operative filing date.

2

Buchanon argued that his revocation hearing was unlawful because it was not timely held. (*Id*.) Over a year later, on July 21, 2020, Buchanon, through counsel, filed an amended petition reasserting Buchanon's *pro se* argument and also arguing that the revocation of Buchanon's parole violated his rights to due process and to be free from cruel and unusual punishment. (*Id*. at 15–20.) In August 2020, the Board moved to dismiss Buchanon's petition as amended. (*Id*. at 96–99.) On September 8, 2020, the circuit court entered an order denying Buchanon's petition and granting the Board's motion to dismiss. (*Id.* at 114.)

Buchanon, through counsel, appealed. (Doc. 14-3 at 127–28.) The Alabama Court of Criminal Appeals docketed the appeal on November 5, 2020, and gave notice that the Appellant's brief was due on December 2, 2020. (Doc. 14-5.) On November 30, 2020, the Alabama Court of Criminal Appeals extended the deadline to file an Appellant's brief to December 9, 2020. (Doc. 14-6.) On December 3, 2020, during the pendency of the appeal, Buchanon's counsel filed a motion to withdraw as counsel. (Doc. 14-7.) On December 4, 2020, the Alabama Court of Criminal Appeals granted the motion to withdraw. (Doc. 14-8.) On December 10, 2020, the Alabama Court of Criminal Appeals entered an order extending the date for Buchanon to file a *pro se* Appellant's brief to January 5, 2021. (Doc. 14-9.) Buchanon did not file a brief by that date. On January 22, 2021, the Alabama Court of Criminal Appeals gave Buchanon notice that his appeal would be dismissed if he did not file his brief by February 5, 2021. (Doc. 14-10.) Buchanon still failed to file a brief, and on February 12, 2021, the Alabama Court of Criminal Appeals dismissed his appeal based on his failure to file a brief and issued a certificate of judgment. (Docs. 14-11 & 14-12.) Buchanon filed no application for rehearing.

On June 10, 2021, nearly 5 months after the dismissal of his appeal, Buchanon, proceeding *pro se*, filed a second petition for common law writ of certiorari in the Circuit Court of Montgomery County challenging the Board's revocation of his parole. (Doc. 14-13.) Buchanon amended that petition on August 24, 2021. (Doc. 14-14.) On December 17, 2021, the circuit court entered an order denying Buchanon's petition and granting the Board's motion to dismiss. (Doc. 14-16.) Buchanon did not appeal.

### C.    § 2254 Petition for Writ of Habeas Corpus

On October 10, 2021, Buchanon filed this *pro se* § 2254 petition[4] asserting that the Board's July 2018 decision revoking his parole violated his right to due process and constituted cruel and unusual punishment.[5] (Doc. 1 at 2–4.) Respondents argue that Buchanon's petition is time-barred by the one-year federal statute of limitations. (Doc. 14 at 7–9; Doc. 26.)

## II.    DISCUSSION

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[4] Buchanon's petition was date-stamped as received by the Court on November 1, 2021. (Doc. 1 at 1.) He avers that he signed the petition on October 10, 2021. (*Id.* at 4.)

[5] Buchanon's pleading was on a form used for civil actions under 42 U.S.C. § 1983. (Doc. 1.) Because he sought immediate release from prison, the pleading was construed as a 28 U.S.C § 2254 petition for writ of habeas corpus. (Docs. 3 & 7.) Buchanon was nonresponsive to the Court's order informing him of the recharacterization of his pleading and advising him of his rights under *Castro v. United States*, 540 U.S. 375 (2003). (Doc. 7.)

>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Buchanon presents claims challenging the Board's decision of July 25, 2018, revoking his parole. Under *Brown v. Barrow*, 512 F.3d 1304 (11th Cir. 2008), the one-year limitations period for Buchanon to apply for federal habeas relief from the Board's decision runs from July 25, 2018—i.e., "the date on which the factual predicate of the claim or claims presented [by Buchanon] could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see Brown*, 512 F.3d at 1307 n.1 ("We join our sister circuits in deciding that subsection D, and not subsection A, applies in this circumstance."); *Hawes v. Howerton*, 335 F. App'x 882, 884 (11th Cir. 2009); *Cameron v. Stewart*, 2018 WL 732387, at *2 (M.D. Ala. Jan. 2, 2018). Therefore, absent a statutory or

equitable tolling event, Buchanon had until July 25, 2019, to file a § 2254 petition challenging the Board's decision.

In Alabama, there is no direct appeal procedure for an inmate to challenge decisions of the Alabama Board of Pardons and Paroles. *See Ray v. Mitchem*, 272 F. App'x 807, 809 (11th Cir. 2008). Instead, a petition for common law writ of certiorari filed in the Circuit Court of Montgomery County is the proper method to challenge decisions of the Board. *Samuels v. Alabama Bd. of Pardons & Paroles*, 687 So.2d 1287, 1288 (Ala. Crim. App. 1996); *Ellard v. State*, 474 So.2d 743 (Ala. Crim. App. 1984), aff'd, 474 So.2d 758 (Ala. 1985). Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year federal limitation period for filing a § 2254 petition. Consequently, a properly filed petition for common law writ of certiorari—i.e., a "properly filed application for State post-conviction or other collateral review"—in the Circuit Court of Montgomery County activates tolling under § 2244(d)(2).

Buchanon filed his first petition for common law writ of certiorari in the Circuit Court of Montgomery County on June 11, 2019, tolling the federal limitation period per § 2244(d)(2). On that date, the statute of limitations had run for 321 days (i.e., from July 25, 2018 to June 11, 2019), leaving 44 days on the federal clock. On February 12, 2021, the Alabama Court of Criminal Appeals dismissed Buchanon's appeal from the circuit court's decision based on his failure to file an appellate brief. Doc. 14-11. Buchanon filed no application for rehearing. A timely application for rehearing in the Alabama Court of Criminal Appeals is a prerequisite to review in the Alabama Supreme Court. Ala. R. App.

P. 39(c)(1); 40(d)(1). Accordingly, the state court proceedings related to Buchanon's petition for common law writ of certiorari concluded on the date his time for applying for rehearing expired. *Kister v. Jones*, 2021 WL 5411213, at *3 (N.D. Ala. Oct. 26, 2021); *Harvey v. Price*, 2018 WL 2731232, at *2 (N.D. Ala. Apr. 26, 2018). That date was 14 days after the February 12, 2021 dismissal of his appeal, i.e., February 26, 2021. Ala. R. App. P. 40(c).

Thus, the AEDPA statute of limitations began to run again on February 26, 2021. After that, the limitations period ran unabated without a tolling event for the remaining 44 days, before expiring on April 12, 2021 (the first business day after Sunday, April 11, 2021).

As indicated above, Buchanon filed a second petition for common law writ of certiorari in the Circuit Court of Montgomery County on June 10, 2021. However, that petition and any related proceedings that followed were of no consequence for purposes of tolling under § 2244(d)(2) because, as noted, the AEDPA statute of limitations had expired on April 12, 2021. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id.*; *see also Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001).

Buchanon sets forth no facts or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B) or (C); i.e., he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases

on collateral review. Because § 2244(d)(1)(D) provides the statute of limitations in Buchanon's case, Buchanon had to file his § 2254 petition by April 12, 2021. However, he did not file his petition until October 10, 2021—over 5 months after the AEDPA statute of limitations expired.

The limitation period may be equitably tolled on grounds besides those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *See also Rich v. Dep't of Corr. State of Fla.*, 317 F. App'x 881, 882 (11th Cir. 2008). The Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Buchanon makes no argument, and brings forth no evidence, demonstrating that he is entitled to equitable tolling, and the Court knows of no reason that would support tolling of the limitation period in Buchanon's case.[6] Buchanon's § 2254 petition is therefore time-barred under the AEDPA, and his claims are not subject to federal habeas review.[7]

---

[6] The Court entered orders (Docs. 15 & 28) affording Buchanon the opportunity to respond to Respondents' answer arguing that his petition is time-barred, but Buchanon has filed no response.

[7] Respondents also correctly argue that Buchanon's claims are unexhausted and procedurally defaulted. (Doc. 14 at 9–11.) "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003). Under Alabama law, a complete round of appellate review of an adverse ruling on a petition for a common law

### III. CONCLUSION

For these reasons, it is ORDERED that the petition for writ of habeas corpus filed by Buchanon be DENIED as untimely under 28 U.S.C. § 2244(d)(1)(D) and that this case be DISMISSED with prejudice.

A separate final judgment will be entered in accordance with this Memorandum Opinion and Order

DONE this 1st day of November, 2022.

      /s/ Charles S. Coody
      CHARLES S. COODY
      UNITED STATES MAGISTRATE JUDGE

---

writ of certiorari is by: (1) appealing the denial of the petition to the Alabama Court of Criminal Appeals, *see* ALA. CODE § 12-3-9; then (2) petitioning the Alabama Court of Criminal Appeals for rehearing, *see* Ala. R. App. P. 39(c)(1); and then (3) seeking discretionary review in the Alabama Supreme Court, *see* Ala. R. App. P. 39(c). *Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004). Buchanon did not apply for rehearing after the Alabama Court of Criminal Appeals' dismissed his appeal from the denial of his petition for common law writ of certiorari, nor did he seek further review in the Alabama Supreme Court. He fails to establish cause to excuse his procedural default, and he presents no colorable claim of actual innocence to provide a gateway to habeas review of his unexhausted and defaulted claims.